IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THEODORE BRYANT,
      Plaintiff

     v.                                  Civil Case No. L-10-2206

RAY MALBUS,
Secretary of the Navy,

      Defendant

o0o
**MEMORANDUM**

Theodore Bryant, proceeding pro se, brings this action against the Department of the Navy (the "Navy"), naming as Defendant Ray Malbus in his official capacity as Secretary of the Navy. Now pending is the Navy's Motion to Dismiss. Docket No. 10. The issues are adequately presented by the briefs, and no hearing is deemed necessary. See Local Rule 106.5 (D. Md. 2010). For the reasons stated herein, the Court will, by separate Order of even date, GRANT the Navy's Motion, but, nevertheless, permit Bryant to amend his Complaint.

**I.    BACKGROUND**

Bryant's Complaint in this case is comprised of a standard four-page "Complaint for Employment Discrimination" form, provided by the Clerk's office and completed by Bryant. He has also attached some 90 pages of documents to the form. Bryant has checked boxes alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). He also states that he was refused a job on December 23, 2008. The statement of facts section, however, recites only that Bryant filed complaints with the EEOC

and the Secretary of the Navy. The following statement of the case, therefore, is culled from Bryant's various other submissions, which consist largely of communications from the Equal Opportunity Employment Commission ("EEOC") and the Navy's Equal Employment Opportunity ("EEO") Office.

Bryant, an African-American, is a former civilian police officer with the Department of the Navy's Naval District Washington ("NDW"). The position required that Bryant hold an active security clearance. In late 2003, Bryant was informed that his security clearance would not be renewed until certain concerns about his mental health were resolved. These concerns evidently stemmed from allegations made against him in previous personnel actions not relevant here. An initial psychiatric evaluation in January of 2004 concluded that Bryant suffered from an unspecified personality disorder. The Navy refused to restore his clearance, and on November 15, 2004 removed him from his position.

A second evaluation, performed by the Army Medical Department at Ft. Meade, Maryland in February of 2005 determined that the first evaluation fell short of military standards and that Bryant did not suffer from any psychiatric condition that might produce a significant defect in his functioning or judgment. Nevertheless, Bryant's repeated applications for re-hire were denied. It was the Navy's most recent refusal, communicated to Bryant on December 23, 2008, that led him to file the lawsuit now before the Court.

Prior to bringing suit, Bryant properly and timely initiated contact with an EEO counselor, eventually filing a formal charge on July 11, 2009. Bryant states that he has filed two prior EEO complaints, one in 2002 and another in September of 2004 "for a racial picture put up on the wall with my name on it with a white man sitting at a desk telling me I could not work

there any more."[1]  Compl. Attach. 1, at 1, Docket No. 1-1.  In addition to restating his allegation regarding the picture, Bryant's latest EEO complaint charges that (i) someone had placed information in his record indicating that he had a medical problem, (ii) the Navy did not follow proper procedures and refused to send him the correct clearance paperwork, and (iii) the Navy's continued refusal to re-hire him was in retaliation for filing the 2004 complaint.  See id. at 11.  The EEO complaint specifies that Bryant believes he was discriminated against on the basis of both race and age.[2]

The EEOC dismissed Bryant's claim and issued him a right-to-sue letter dated May 12, 2010.  On August 9, 2010, Bryant filed instituted suit in this Court, and on February 1, 2011 the Navy filed the Motion to Dismiss now pending.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of his claim.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965.  The Court must, however, "assume the veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement of relief."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

Pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys.  Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal district court is

---

[1] No further information as to the nature or content of these claims has been provided.  The Navy has advised that the EEO office at the Washington Naval Yard retains EEO files for a period of five years and no longer has records pertaining to either complaint.  Def.'s Mot. to Dismiss 2, Docket No. 10-1.

[2] Bryant was born February 6, 1956, making him 52 years old at the time his latest job application was denied.

3

charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).

The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Because a civil action brought under Title VII or the ADA may encompass only the discrimination stated in the EEOC charge itself or likely to be developed in the course of a reasonable ensuing investigation, King v. Seaboard Coast Line R.R. Co., 538 F.2d 581, 583 (4th Cir. 1976), and in the absence of more concrete allegations than those included in Bryant's threadbare Complaint, the Court will construe the Complaint as incorporating by reference the allegations in Bryant's EEOC charge as outlined above.

All but one of these claims must be dismissed for lack of subject matter jurisdiction. Bryant's claim of race discrimination may not proceed because he failed to exhaust his administrative remedies. Title VII requires a plaintiff to exhaust administrative remedies before filing suit by filing a charge of discrimination with the appropriate agency. In the case of a federal employee, contact must be made with an EEO counselor within 45 days of the alleged

discriminatory event.  Webster v. Hansford, 126 Fed. Appx. 583, 586–87 (4th Cir. 2005) (citing 29 C.F.R. §§ 1614.105(a)(1)).  Bryant contacted the EEO counselor on January 27, 2009.  Accordingly, the Court lacks jurisdiction over any claim relating to the "racial picture" that Bryant alleges he saw in 2004.  See Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009) ("a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim.").  For the same reason, the Court may not consider the Navy's decision not to re-hire Bryant at any point prior to his December, 2008 application.  Finally, to the extent that Bryant challenges the information in his Navy file and nonrenewal of his security clearance, these decisions are not subject to judicial review.  See Simmington v. Gates, Civil No. DKC-08-3169, 2010 U.S. Dist. LEXIS 30749, at *38-39 (D. Md. Mar. 30, 2010) ("Unless Congress specifically provides otherwise, courts are unable to review a decision regarding a security clearance investigation or a decision to revoke a security clearance, even in the context of a Title VII retaliation claim.").

The only claim that Bryant may properly assert is that the Navy improperly denied his September 2008 employment application, either on the basis of race or age, or in retaliation for the filing of his previous EEO complaint.  Bryant has not alleged sufficient facts, however, to make out a prima facie case under any theory.[3]  The Complaint contains no factual allegations to support the conclusion that the Navy's decision had anything whatsoever to do with Bryant's

---

[3] To establish a prima facie case of race discrimination, a plaintiff must establish (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.  McDonnell Douglas Corporation v. Green, 411 U.S. 792, 802 (1973).  Similar requirements apply to discrimination on the basis of age under the ADEA. See Ballinger v. North Carolina Agr. Extension Service, 815 F.2d 1001, 1006 (4th Cir. 1987).  To prove a prima facie case of retaliation under Title VII, a plaintiff must demonstrate that (1) he engaged in protected activity, (2) the employer took adverse action against him, and (3) there was a causal connection between the activity and the adverse action.  Karpel v. Inova Health System Svcs., 134 F.3d 1222, 1228 (4th Cir. 1998).

protected characteristics or activity. Nor does it contain any allegations as to who, if anyone, was hired for the position after he was rejected.

## IV.     CONCLUSION

For the foregoing reasons, the Court will, by separate Order of even date, GRANT the Navy's Motion to Dismiss. Docket No. 10. The Court is hesitant, however, to dismiss Bryant's case entirely without allowing him the opportunity to more clearly articulate his case and potentially correct the defects identified above. Bryant will be permitted **within 30 days** to amend his Complaint to set forth facts from which the Court could infer a causal connection between his race, age, or prior EEO activity and the Navy's denial of his application. In so doing, Bryant is cautioned that he must file a written Complaint clearly setting forth his legal theories. He may not simply submit a stack of documents and expect the Court to construct a case for him.

Dated this 13th day of June, 2011

/s/
_____
Benson Everett Legg
United States District Judge