IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THEODORE BRYANT, | : | |
| Plaintiff | : | |
| v. | : | Civil Case No. L-10-2206 |
| RAY MABUS, | : | |
| *Secretary of the Navy*, | : | |
| Defendant | : | |

o0o
**MEMORANDUM**

On June 13, 2011, the Court granted the Defendant's Motion to Dismiss for failure to state a claim (Docket No. 10) and allowed the pro se Plaintiff, Theodore Bryant, 30 days within which to file an Amended Complaint setting forth more fully his legal theories and factual allegations. See Mem. Opp., Docket No. 15. On July 11, 2011, Bryant filed his amended Complaint. Docket No. 17. Because the Court finds that the Amended Complaint still falls well short of stating a prima facie case of employment discrimination, the Defendant will not be required to file a responsive pleading and the Amended Complaint will be DISMISSED.

I.   BACKGROUND

Theodore Bryant, proceeding pro se, brought this action against the Department of the Navy (the "Navy"), naming as Defendant Ray Mabus in his official capacity as Secretary of the Navy. Bryant's Complaint consisted of a standard four-page "Complaint for Employment Discrimination" form, provided by the Clerk's office and completed by Bryant, along with some 90 pages of attachments.

1

Affording his Complaint a liberal construction, the Court construed it as alleging three claims. First, it claimed a hostile work environment resulting from a racially derogatory picture allegedly put up in Bryant's office in 2004. Second, it challenged to the Navy's revocation of his security clearance. Finally, it alleged employment discrimination on the grounds that the Navy's continued refusal to re-hire Bryant was based on his age, his race, or was in retaliation for his filing of a complaint with the Navy's Equal Employment Opportunity office in 2004.

In its June 13th Memorandum, the Court ruled that all but the last claim required dismissal for lack of subject matter jurisdiction, and that the last claim was only viable with regard to the navy's most recent refusal to hire Bryant. The Court found that Bryant had failed to state a prima facie case on this point, because "[t]he Complaint contains no factual allegations to support the conclusion that the Navy's decision had anything whatsoever to do with Bryant's protected characteristics or activity. Nor does it contain any allegations as to who, if anyone, was hired for the position after he was rejected." Mem. Opp. 5–6, Docket No. 15. Bryant was granted 30 days to file an Amended Complaint that would "set forth facts from which the Court could infer a causal connection between his race, age, or prior EEO activity and the Navy's denial of his application." Id. at 6.

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of his claim. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965. The Court must, however, "assume the veracity [of well-pleaded factual allegations]

and then determine whether they plausibly give rise to an entitlement of relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

Pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).

The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.    ANALYSIS

Bryant's Amended Complaint, it must be said, adds nothing new. Bryant states that he wishes to apply three legal theories to his case: the "cat's paw" theory of liability,[1] a mixed

---

[1] Under the "cat's paw" theory, recognized by the Supreme Court in the recent case of Staub v. Proctor Hospital, 131 S. Ct. 1186 (2011), an employer may be held liable if a supervisor performs an act motivated by discriminatory animus that is intended by the supervisor to cause an adverse employment action, and if that act is a proximate cause of the ultimate employment action. Id. at 1194. The Court's holding in Staub was expressly limited to the context of the Uniformed Services Employment and Reemployment Rights Act, though the Tenth Circuit Court of Appeals has recently applied the theory in a case brought under the Age Discrimination in Employment Act ("ADEA"). See Simmons v. Sykes Enterprises, Inc., --- F.3d ----, No. 09-1558, 2011 WL 2151105 (10th Cir. June 2, 2011).
   In the case at bar, Bryant has identified no specific individual who bore him animus, but rather appears to impute discriminatory motive to the Department of the Navy as a whole. Nor, in its prior pleadings, has the Navy advanced an argument that, notwithstanding a lower-level supervisor's discrimination, no liability may attach

motive theory of age discrimination, and retaliation under Title VII of the Civil Rights Act. See Pl.'s Am. Compl. 1–2, Docket No. 17. What remains lacking, however, are "facts from which the Court could infer a causal connection between his race, age, or prior EEO activity and the Navy's denial of his application." Mem. Opp. 6, Docket No. 15. Bryant's argument appears to be that, because the Navy had deemed him "qualified" for the post for which he had applied, its failure to actually hire him must be due to discrimination. Because he is African American, older, and has filed a previous EEO complaint, one of these must be the reason for this discrimination.

Such ipse dixit reasoning is insufficient, under either Title VII or the ADA, to "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. Despite being given a second chance to do so, Bryant has not suggested any likely basis for a link between his race or age and the Navy's denial of re-employment. For obvious reasons, courts may not simply presume that every adverse employment action taken against a member of a protected class is taken for a discriminatory reason. Similarly, while it is undisputed that Bryant filed an EEO complaint in 2004 and that the Navy is prohibited from refusing to hire him in retaliation for that filing, Bryant has suggested nothing connecting the two.[2]

---

because that supervisor was not responsible for the ultimate decision regarding Bryant's employment. Therefore, even if this Court were to find the "cat's paw" theory to be viable in this Circuit and in the context of ADEA and Title VII claims, it would be inapplicable to this case.

[2] It is well established that mere temporal proximity between the protected action and the adverse employment action, without more, is insufficient evidence of causality unless the temporal proximity is very close. See Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001). In the case at bar, the approximately four years between Bryant's EEO complaint and the Navy's most recent refusal to re-hire him (the only incident at issue) is more than enough to negate any inference of causation.

## IV. CONCLUSION

Bryant's Amended Complaint neither alleges new facts nor advances new arguments that might sway the Court's consideration of his case. As such, to require briefing on a second motion to dismiss would be to needlessly expend the time and resources of both the parties and the Court. The Court will, therefore, deem the Navy's Motion to Dismiss to have been renewed with the filing of Bryant's Amended Complaint. Because the Amended Complaint would be unable to withstand such a Motion, the Court will, by separate Order of even date, DISMISS Bryant's Amended Complaint and order the Clerk to CLOSE the case.

Dated this 25th day of July, 2011

/s/
_____
Benson Everett Legg
United States District Judge